## MURKO OIL & ROYALTY CO. v. FAIN–McGAHA OIL CORPORATION.

### No. 12927.

Court of Civil Appeals of Texas. Fort Worth.

Jan. 27, 1934.

Rehearing Denied March 3, 1934.

Carrigan, Hoffman & Carrigan, of Wichita Falls, for appellant.

W. E. Fitzgerald and Leslie Humphrey, both of Wichita Falls, for appellee.

LATTIMORE, Justice.

This is a suit to recover the amount of a tax paid under article 7071, Rev. Statutes, as that article existed prior to 1933, commonly known as a production tax.

Appellant's assignor owned an undeveloped oil and gas lease and sold appellee a one-third interest therein under a written contract under which appellee developed and operated same and paid "all expenses necessary in the development and operation of said lease for the production of oil and gas therefrom." However, the contract also provided that appellee should charge appellant out of appellant's one-third of the oil and gas "a flat operating charge of twenty-five cents per barrel. The above charges shall constitute all the expenses that the seller shall be liable for." "It is distinctly understood and agreed that in no event shall there be any liability personally on the part of seller (appellant) for any expenses of operation of said lease and seller's expense (the flat charge above mentioned) shall be carried by the buyer" (appellee) and appellee must reimburse itself out of appellant's oil and gas produced from the lease.

It was shown that the tax authorities of the state of Texas require the person actually in charge of the well to pay the tax on all the oil produced and that appellee did so under protest and brings this action to recover the one-third of such payment computed on the oil belonging to appellant. Appellant contends that such taxes are "expenses" of operation of the lease and that under its contract the appellee must pay all the taxes. To this appellee alleged that if the contract permitted any such contention, which was denied, then the same is ambiguous and that the custom of the business and the understanding of the parties to the contract was that this tax was not included in the expenses so mentioned in the contract as to be paid by appellee.

Article 7071, Rev. Statutes, reads as follows in the particulars here pertinent:

"1. Each person owning, controlling, managing, operating or leasing in this State any oil well, or any person who produces in any other manner any oil by taking it from the earth in this State, shall make quarterly on the first days of January, April, July and October of each year, a report to the Comptroller, under oath of such person or if the producer is other than a natural person, under oath of the president, treasurer, superintendent or person in charge of such production, showing the total amount of oil produced by such person from each well, or otherwise, during the quarter next preceding and the average market value thereof during said quarter. Each such person on said first days of January, April, July, and October shall pay to the Treasurer of this State an occupation tax for the quarter beginning on said date equal to two per cent of the value of the total amount of oil produced in this State by such person during the quarter next preceding such first days of January, April, July and October at the average market value thereof. * * *

"9. For the occupation tax, penalties and interest herein provided for, the State shall have a lien on any leasehold interest, ownership of the oil rights or interest owned by the person owing any tax herein provided for."

The constitutionality (art. 8, § 1) of this act, of which the above was a partial amendment, has been upheld as an occupation tax. Southwestern Oil Co. v. Texas, 217 U. S. 114, 30 S. Ct. 496, 54 L. Ed. 688. It was not a police regulation but a tax measure for the purpose of obtaining revenue to support the government. Ex parte Cramer, 62 Tex. Cr. R. 11, 136 S. W. 61, 62, 36 L. R. A. (N. S.) 78, Ann. Cas. 1913C, 588; Oliver Iron Mining Co. v. Lord, 262 U. S. 172, 43 S. Ct. 526, 67 L. Ed. 930. It was said in that case that an occupation tax is not another tax upon the property of the taxpayer because such tax is upon the business of bringing iron to

the surface of the earth and placing it in the channels of commerce.

 It is thus apparent that as applied to the parties to this suit, the opening words of article 7071, R. S., must be construed as reading, "Each person owning * * * in this state any oil well who produces in any manner any oil by taking it from the earth," etc. The majority believe that the subsequent provisions of the statutes relating to reports on sales or storage of the oil do not enlarge the definition of the occupation taxed, and that all the tax must be paid by the person or persons within the quoted description from the statute, and that appellee was the only party to this suit within such description. From this it inevitably follows that appellant never did owe the tax, since appellee by his contract of purchase had the exclusive production of the oil in the taking of it from the earth.

The judgment of the trial court is reversed and here rendered that appellee take nothing by its suit.